﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 190220-7760
DATE: December 31, 2020

REMANDED

Entitlement to service connection for left hip arthritis is remanded.

Entitlement to service connection for left knee arthritis is remanded.

REASONS FOR REMAND

The Veteran had qualifying service from November 1967 to November 1971.

The agency of original jurisdiction (AOJ) decision currently on appeal is the December 2018 Rating Decision. In February 2019 and April 2019 VA Form 10182s, the Veteran requested the Board’s review of the December 2018 Rating Decision via its Hearing docket. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). In a June 2019 Letter, the Veteran was notified that his appeal had been placed on the Board’s Hearing docket. 

In September 2020, the Veteran testified at a Board virtual hearing before the undersigned Veterans Law Judge. 

The hearing docket only permits the Board to review the evidence of record at the time of the prior AOJ rating decision as well as any evidence submitted at the hearing (including the testimony) and within 90 days after the hearing. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). If the Veteran desires to add evidence to the claims file outside of the period when new evidence is allowed, then he may file a Supplemental Claim and submit or identify this evidence; if the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. 38 C.F.R. §§ 3.2501, 20.300. Specific instructions for filing a Supplemental Claim are included with this decision.

Under the Appeals Modernization Act (AMA), the reasons for remand are limited to: (a) correction of pre-decisional duty to assist errors; and (b) correction of an AOJ error in satisfying a regulatory or statutory duty, if correction of such error would have a reasonable possibility of aiding in substantiating the appellant’s claim. 38 C.F.R. § 20.802(a). Following correction of the error, the AOJ must readjudicate the issue. Pub. L. No. 115-55, § 2(d)(2); 38 C.F.R. § 3.2502. An appellant may choose to file a new appeal to the Board from such readjudication or request higher-level review or a supplemental claim with the AOJ.

1. Entitlement to service connection for left hip arthritis 

Direct service connection generally requires evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). When VA undertakes to obtain an examination, it must ensure that the examination is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). 

The Veteran generally contends that his left hip arthritis is etiologically related to service (specifically, that he injured his hips during MOS school and his joint injuries accumulated due to the physical demands of service and his MOS duties as an aviation supply clerk). See May 2019 VA Form 21-526EZ; see also September 2020 Board hearing transcript. Notably, the Veteran has also contended that his left hip arthritis is secondary to his right hip condition (see May 2019 VA Form 21-526EZ); however, the Veteran is not and has never been service connected for a right hip condition (see August 2020 Codesheet).

In the December 2018 Rating Decision, the AOJ committed a pre-decisional duty to assist error by relying on the inadequate VA examination with opinion performed in April 2018. The April 2018 VA examiner documented the Veteran’s report of gradually worsening symptoms since 1973 and opined that the Veteran’s left hip arthritis did not result from his right hip arthritis (which, as stated above, is irrelevant because the right hip has never been service connected); however, the examiner failed to address potentially favorable evidence of record at that time (see November 1967 enlistment examination, which documented no left hip abnormalities; see also April 30, 1968, service treatment record, which documented left hip pain and tenderness to palpation; see also February 2018 private opinion by nurse practitioner and primary care provider KL, who wrote that the Veteran’s chronic arthritis pain affecting several joints is at least as likely as not related to his years in service). Barr, supra. Because the April 2018 VA examiner did not address this potentially favorable evidence, the April 2018 etiological opinion is inadequate; because the December 2018 Rating Decision relied on this inadequate opinion, the AOJ committed a pre-decisional duty to assist error that should be corrected upon remand by obtaining an adequate etiological opinion.

2. Entitlement to service connection for left knee arthritis

Direct service connection generally requires evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden, supra. When VA undertakes to obtain an examination, it must ensure that the examination is adequate. Barr, supra. 

The Veteran generally contends that his left knee arthritis is etiologically related to service (specifically, that he injured his knees during MOS school and his joint injuries accumulated due to the physical demands of service and his MOS duties as an aviation supply clerk). See May 2019 VA Form 21-526EZ; see also September 2020 Board hearing transcript. Notably, the Veteran has also contended that his left knee arthritis is secondary to his right knee arthritis (see May 2019 VA Form 21-526EZ); however, although the right knee arthritis was previously service connected, service connection was severed effective September 1, 2019 (see June 2019 Rating Decision; see also August 2020 Codesheet).

In the December 2018 Rating Decision, the AOJ committed a pre-decisional duty to assist error by relying on the inadequate VA examination with opinion performed in April 2018. The April 2018 VA examiner documented the Veteran’s report of gradually worsening symptoms since 1973, opined that the Veteran’s left knee arthritis was not secondary to his right knee arthritis, and opined that the Veteran’s left knee arthritis did not result from an in-service injury to the right knee; however, the examiner failed to address potentially favorable evidence of record at that time (see November 1967 enlistment examination, which documented no left knee abnormalities; see also April 30, 1968, service treatment record, which documented asymmetrical deep tendon reflexes of the bilateral knees [left knee jerk was +1; right knee jerk was +3]; see also February 2018 private opinion by nurse practitioner and primary care provider KL, who wrote that the Veteran’s chronic arthritis pain affecting several joints is at least as likely as not related to his years in service). Barr, supra. Because the April 2018 VA examiner did not address this potentially favorable evidence, the April 2018 etiological opinion is inadequate; because the December 2018 Rating Decision relied on this inadequate opinion, the AOJ committed a pre-decisional duty to assist error that should be corrected upon remand by obtaining an adequate etiological opinion.

The matters are REMANDED for the following action:

1. Regarding the left hip arthritis, obtain an adequate etiological opinion that considers the potentially favorable evidence.

The April 2018 etiological opinion is inadequate. The April 2018 VA examiner documented the Veteran’s report of gradually worsening symptoms since 1973 and opined that the Veteran’s left hip arthritis did not result from his right hip arthritis (which is irrelevant because the right hip has never been service connected); however, the examiner failed to address potentially favorable evidence of record at that time (see November 1967 enlistment examination, which documented no left hip abnormalities; see also April 30, 1968, service treatment record, which documented left hip pain and tenderness to palpation; see also February 2018 private opinion by nurse practitioner and primary care provider KL, who wrote that the Veteran’s chronic arthritis pain affecting several joints is at least as likely as not related to his years in service). By relying on this inadequate opinion, the AOJ committed a pre-decisional duty to assist error.

Due to COVID-19, the Board defers to the examiner’s discretion to determine whether in-person examination is required to render the requested opinion.

2. Regarding the left knee arthritis, obtain an adequate etiological opinion that considers the potentially favorable evidence.

The April 2018 etiological opinion is inadequate. The April 2018 VA examiner documented the Veteran’s report of gradually worsening symptoms since 1973, opined that the Veteran’s left knee arthritis was not secondary to his right knee arthritis, and opined that the Veteran’s left knee arthritis did not result from an in-service injury to the right knee; however, the examiner failed to address potentially favorable evidence of record at that time (see November 1967 enlistment examination, which documented no left knee abnormalities; see also April 30, 1968, service treatment record, which documented asymmetrical deep tendon reflexes of the bilateral knees [left knee jerk was +1; right knee jerk was +3]; see also February 2018 private opinion by nurse practitioner and primary care provider KL, who wrote that the Veteran’s chronic arthritis pain affecting several joints is at least as likely as not related to his years in service). By relying on this inadequate opinion, the AOJ committed a pre-decisional duty to assist error.

Due to COVID-19, the Board defers to the examiner’s discretion to determine whether in-person examination is required to render the requested opinion.

3. Readjudicate the appeal.

 

 

R. FEINBERG

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board H. Daus, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.